735 P.2d 530

**Jessie VALLEJOS, Petitioner,**

v.

**KNC, INC.—A ROGERS COMPANY and Fireman's Fund Insurance Company, Respondents.**

No. 16501.

Supreme Court of New Mexico.

April 8, 1987.

**614**

Alonzo J. Padilla, Albuquerque, for petitioner.

Butt, Thornton & Baehr, Carlos G. Martinez, Albuquerque, for respondents.

Alan M. Malott, Albuquerque, for amicus curiae New Mexico Chiropractic Ass'n.

## OPINION

STOWERS, Justice.

We granted certiorari in this workmen's compensation action to consider whether the testimony of a chiropractor may be admissible as "expert medical testimony" required in contested cases, under NMSA 1978, Subsection 52-1-28(B), to establish the causal connection between an employee's work-related accidental injury and his disability. The trial court ruled that the testimony of plaintiff's treating chiropractor was not admissible on the issue of causation and, considering only the testimony of a licensed medical doctor tendered by defendant, denied various workmen's compensation benefits on the ground that plaintiff's disability at the time of trial was not the direct result of his work-related injury. Plaintiff appealed and, relying upon its decision in *Fierro v. Stanley's Hardware,* 104 N.M. 401, 722 P.2d 652 (Ct.App.1985), *rev'd on other grounds,* 104 N.M. 50, 716 P.2d 241 (1986), the Court of Appeals affirmed the trial court's decision in a memorandum opinion. In light of our recent opinion in *Madrid v. University of California,* 105 N.M. 715, 737 P.2d 74 (1987), we hold that a chiropractor may offer expert medical testimony regarding causation under Subsection 52-1-28(B). We therefore reverse the decisions of the Court of Ap-

peals and the trial court and remand to the trial court for the entry of new findings of fact and conclusions of law.

It is uncontested that plaintiff Jessie Vallejos (plaintiff) sustained a work-related low back injury on October 1, 1984, while employed by defendant KNC, Inc. (defendant). Within days, defendant sent plaintiff to a medical doctor for examination. The medical doctor told plaintiff not to return to work and prescribed a course of treatment that included physical therapy. Within two weeks of his initial examination, however, plaintiff became dissatisfied with the painful physical therapy sessions and the lack of improvement in his back condition. He discontinued his scheduled medical treatment and returned to the chiropractor he had visited, on his own, the day after the injury occurred. Plaintiff thereafter, and until the time of trial, received only chiropractic treatment for his back injury.

At trial, the chiropractor testified that due to his work-related injury, plaintiff was as yet 100% disabled from doing the type of work he was doing at the time of the injury. The medical doctor called by defendant, who had reexamined plaintiff on August 1, 1985, shortly before trial, likewise testified that plaintiff was as yet completely disabled. In his opinion, however, chiropractic treatment was counter indicated for plaintiff's condition and, indeed, was the proximate cause of plaintiff's medical problems at the time of trial. He also testified that plaintiff had reported increased pain after being thrown to the floor in a fight with his ex-wife on October 11, 1984.

The trial court found that plaintiff had suffered a compensable work-related injury on October 1, 1984, for which defendant had provided reasonable medical services and temporary total disability benefits during the period when plaintiff was under the care of the medical doctor. It further found that plaintiff's chiropractic treatment was unnecessary and unreasonable. Accepting only the medical doctor's expert testimony on causation, it found that plaintiff's disability from the time he discontin-

ued treatment by the medical doctor was caused not by his work-related injury, but by the fight with his ex-wife and by the chiropractic treatment. The trial court therefore denied plaintiff further workmen's compensation benefits for temporary total disability, past and future medical expenses, rehabilitation, and attorney's fees.

On appeal, plaintiff contended that the trial court erred in excluding the chiropractor's testimony on causation and alleged that several of the trial court's findings of fact and conclusions of law were not supported by substantial evidence. The Court of Appeals rejected these arguments, concluding that substantial evidence on the record supported the challenged findings and conclusions and that the chiropractor's testimony was properly rejected in accordance with its *Fierro* decision.

In *Fierro,* the Court of Appeals for the first time considered whether the testimony of a witness other than a medical doctor could be offered to satisfy the plaintiff's burden under Subsection 52–1–28(B) to establish the causal connection between his accident and his injury "as a medical probability by expert medical testimony." It held that psychologists, who under NMSA 1978, Subsection 61–6–16(F) (Repl.Pamp. 1986), are expressly excepted from compliance with the licensing statutes pertaining to the practice of medicine, cannot render expert medical testimony on causation. *Fierro v. Stanley's Hardware,* 104 N.M. at 410, 722 P.2d at 661. Because chiropractors, like psychologists, are expressly excepted from compliance with the medical licensing statutes under Subsection 61–6–16(F), the Court of Appeals applied the *Fierro* rationale to the present case and upheld the trial court's rejection of the chiropractor's testimony on causation.

In *Madrid v. University of California,* however, this Court repudiated that rationale and implicitly overruled *Fierro.* We held that Subsection 52–1–28(B) could not be read in pari materia with the medical licensing statutes in order to limit who may give "expert medical testimony," but that the phrase should be interpreted in light of the broad ordinary meaning of "medical."

*Madrid v. University of California,* 105 N.M. at 716–717, 737 P.2d at 75–76. We observed that the Legislature in NMSA 1978, Section 52–4–1 (Repl.Pamp.1986), expressed confidence that psychologists and chiropractors, along with medical doctors, are health care providers capable of providing diagnosis and treatment of injuries compensable under the Workmen's Compensation Act, NMSA 1978, Sections 52–1–1 through 52–1–69 (Orig.Pamp. & Repl.Pamp.1986). *Madrid v. University of California,* at 717, 737 P.2d at 76. We concluded that the Legislature did not intend to limit expert medical testimony under Subsection 52–1–28(B) to the testimony of licensed medical doctors, *id.* at 718, 737 P.2d at 77, and that a licensed psychologist accepted by the district court as an expert witness qualified to give opinion testimony in her field was qualified to provide expert medical testimony on causation, *id.* at 718, 737 P.2d at 77.

In the present case, the trial court accepted the chiropractor as an expert witness qualified to give opinion evidence. Its refusal to consider the chiropractor's testimony on the issue of the causal connection between plaintiff's work-related accidental injury and his disability therefore was error, and its findings of fact and conclusions of law regarding whether and when plaintiff's disability ceased to be the direct result of that injury cannot stand.

Accordingly, we reverse and remand to the trial court for the entry of new findings of fact and conclusions of law based upon all the competent evidence presented at trial.

IT IS SO ORDERED.

SCARBOROUGH, C.J., SOSA, Senior Justice, and WALTERS and RANSOM, JJ., concur.